```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                         6/19/14
------------------------------------ x
ESTEBAN GONZALEZ,                    :
                                     :
               Petitioner,           :    12-cv-5226 (JSR)
                                     :    94-cr-134  (JSR)
          -v-                        :
                                     :    MEMORANDUM ORDER
UNITED STATES OF AMERICA,            :
                                     :
               Respondent.           :
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

On August 29, 2013, the Honorable James L. Cott, United States Magistrate Judge, issued a Report and Recommendation in the above-captioned matter recommending the denial of petitioner's petition filed pursuant to 28 U.S.C. § 2255. See Report and Recommendation, No. 12-cv-5226, ECF No. 30 ("R&R"). Having received no objections from the petitioner, the Court entered an Order adopting the Report and Recommendation on September 19, 2013. See Order, No. 12-cv-5226, ECF No. 33. The next day, petitioner's counsel moved to stay that Order to permit objections to be filed, and the Court granted the stay. See Order, No. 12-cv-5226, ECF No. 37.

On September 30, 2013, petitioner submitted his objections. See Objections by Petitioner-Defendant Gonzalez to the R&R of the Magistrate Judge, No. 94-cr-134, ECF No. 293 ("Objections"). The Government submitted its response on October 23, 2013. See Response of the United States of America to Petitioner Gonzalez's Objections to the Magistrate Judge's R&R, No. 94-cr-134, ECF No. 294 ("Response"). Finally, petitioner submitted a reply brief in further support of his

1

objections. See Reply Br., No. 94-cr-134, ECF No. 295. The Court has carefully considered these submissions and reviewed the petition and underlying record de novo.

In his objections, the petitioner insists that the Magistrate Judge, despite citing United States v. Cedeño, 644 F.3d 79, 83 (2d Cir. 2011), see R&R at 29 & n.10, somehow gave insufficient attention to the factors that Cedeño articulates for determining the materiality of suppressed credibility evidence. See United States v. White, 692 F.3d 235, 249 (2d Cir. 2012) (further elaborating the Cedeño factors). The Cedeño factors are as follows: (1) "whether the prior judicial finding addressed the witness's veracity in that specific case or generally"; (2) "whether the two sets of testimony involved similar subject matter"; (3) "whether the lie was under oath in a judicial proceeding or was made in a less formal context"; (4) "whether the lie was about a matter that was significant"; (5) "how much time had elapsed since the lie was told and whether there had been any intervening credibility determination regarding the witness"; (6) "the apparent motive for the lie and whether a similar motive existed in the current proceeding"; and (7) "whether the witness offered an explanation for the lie and, if so, whether the explanation was plausible." White, 692 F.3d at 249 (quoting Cedeño, 644 F.3d at 82-83). The Court has reviewed de novo petitioner's arguments with respect to these factors and finds them to be without merit.

2

Petitioner's strongest objection concerns a "substantiated" Civilian Complaint Review Board ("CCRB") complaint alleging that Police Officer Thomas Crowe, a key Government witness, attempted to intimidate a witness in an unrelated criminal trial into testifying falsely. See Objections at 6-7 (describing "Alejandro CCRB Complaint"). Magistrate Judge Cott determined that this CCRB complaint, which was not among the Government's disclosures, was not material, as it would not have affected the outcome at trial. See R&R at 30-32. Gonzalez objects, however, that the Alejandro CCRB Complaint is indistinguishable from the suppressed material in White, which the Court of Appeals determined to be material using the Cedeño factors.

However, as the Government notes, here, unlike in White, "there was no direct adverse credibility finding, the purported fact finder — the CCRB — never actually saw or heard directly from the witness, and the matter was not remotely similar to the issues at trial." Response at 38. The Alejandro CCRB Complaint does share some features of the credibility evidence that should ordinarily be disclosed: attempting to induce perjury implicates a witness's veracity generally; Officer Crowe's motive to lie was broadly similar in both cases; and he did not, as far as the record shows, offer an explanation for the alleged lie. But White's analysis stresses the fact that the original lies were told under oath in a previous case with facts extremely similar to those in the case at bar. That was not true in the petitioner's case, and so Crowe's past dishonesty went just to his credibility, which

3

defense counsel vigorously attacked on numerous other grounds. Accordingly, Magistrate Judge Cott was correct that the Government's failure to disclose the Alejandro CCRB Complaint was immaterial when viewed in the context of the case as a whole and the independent evidence of guilt. See R&R at 8, 30-32.

The Court has considered the remaining issues raised by the petitioner's objections and finds them to be without merit. The Court thus finds itself in complete agreement with Magistrate Judge Cott's Report and Recommendation and hereby adopts its reasoning by reference.[1] Accordingly, the Court hereby dismisses the petition with prejudice. Nonetheless, the Court grants petitioner a certificate of appealability limited to the question of the non-disclosure of the Alejandro CCRB Complaint, see 28 U.S.C. § 2253(c).

Clerk to enter judgment.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       June 19, 2014

---

[1] The Court notes several errant dates in the Magistrate Judge's Report and Recommendation that it hereby corrects in its adoption thereof. On page 12, line 8, the date on which Gonzalez filed a supplemental memorandum of law was September 18, 2012 (not 2013); on the same page, line 10, the same date should read September 18, 2012 (not 2013); and on the same page, line 11, the date on which the government's opposition papers were filed was October 9, 2012 (not 2013).